1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| MATTHEW ASTENGO and JULY ASTENGO, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PREMERA BLUE CROSS, a Washington corporation, <br><br> Defendant. | No. C15-654 <br><br><br> **COMPLAINT – CLASS ACTION** <br><br><br> **JURY DEMAND** |

19    Plaintiffs Matthew Astengo and July Astengo, on behalf of themselves and all others

20  similarly situated, allege the following against Defendant Premera Blue Cross, based on personal

21  knowledge with respect to themselves and their own acts and upon information and belief as to all

22  other matters derived from, among other things, the investigation of counsel, including review of

23  publicly available documents and information.

24                              **SUMMARY OF THE ACTION**

25    1.    This is a class action brought by Plaintiffs on behalf of themselves and all other

26  persons harmed by the cyberattack and breach of Premera's information technology ("IT")

27
28  COMPLAINT
    No. C15-654                          - 1 -

systems which occurred on or about May 5, 2014 and thereafter (the "Class," "Class Members") as well as a sub-class of Washington State residents with respect to Counts VII, VIII and IX (the "Sub-Class," "Sub-Class Members").

2.     On or about March 17, 2015, Premera publicly announced that it discovered a sophisticated cyberattack on its IT systems which compromised the personal identifying information ("PII") (including names, dates of birth, member ID/social security numbers, addresses, phone numbers, email addresses and employment information), bank account information, and confidential health care information of approximately 11 million customers. News reports indicate that this is the biggest data breach of healthcare information that has ever occurred.

3.     Premera discovered the cyberattack on January 29, 2015.  Premera's investigation has revealed that the initial attack occurred on May 5, 2014, several weeks after federal authorities had determined that Premera was susceptible to such an attack.  Premera did not begin mailing notifications to affected customers, consumers and vendors until March 17, 2015. On information and belief, no law enforcement agency instructed Premera that notice of the data breach to Plaintiffs and the other Class and Sub-Class Members would impede investigation.

4.     Premera's investigation of the breach is ongoing and the full extent of the PII and private banking and healthcare information accessed by the hackers has yet to be disclosed.  The dates the Premera data breach began or ended are not definitively known at this time.

5.     The PII and private banking and healthcare information Premera admits was accessed by hackers contain everything criminals need to engage in identity theft, and to perpetrate medical care and insurance fraud for which Plaintiffs and the other Class and Sub-Class Members could be held financially responsible.  According to experts, the type of PII and private banking and healthcare information the hackers accessed constitute the "keys to the kingdom" to commit any kind of identity theft and could also cause damage to Plaintiffs and the other Class and Sub-Class Members in the future, including not just Class and Sub-Class Members but also their entire families.

COMPLAINT
No. C15-654

- 2 -

6. Premera engaged in intentional misconduct in failing to rectify its susceptibility to a cyberattack even after it was told there was a problem by government auditors.

7. The litany of Premera's negligence, and violations of law and contract includes: (1) failing to take adequate and reasonable measures to ensure its IT systems were protected; (2) ignoring warnings from federal government auditors that its IT systems were outdated and vulnerable; (3) failing to take available steps to prevent and stop the data breach from ever happening: (4) failing to disclose to its customers the material facts that it did not have adequate IT systems and security practices to safeguard customers' PII and private banking and healthcare information, including clinical information; and (5) failing to provide timely and adequate notice of the data breach. Premera's negligence and violations of law and contract have left a long trail of substantial consumer harm and injuries to Premera insureds, primarily in the state of Washington but also in Alaska, Oregon, Arizona, and other states, and to consumers across the United States as the breach also affected members of other Blue Cross Blue Shield plans who sought treatment in Washington or Alaska and certain vendors.

8. Plaintiffs and the other Class and Sub-Class Members entrusted Premera with their PII and private banking and healthcare information, and rightfully expected Premera to protect and safeguard that information from outsiders. Yet Premera failed to do so, ignoring warnings from federal auditors that its IT systems were outdated and vulnerable.

9. Premera is offering two years of free credit-monitoring and identity-theft-protection services to those affected by the breach. Such protection has not been proved foolproof. It does not protect against health care fraud committed by criminals using an individual's private healthcare information. Moreover, the risk of identity theft and medical insurance fraud using the PII and private banking and healthcare information the hackers accessed will continue to exist for the rest of the affected individuals' lives.

### PARTIES

10. Plaintiff Matthew Astengo is a resident and citizen of the State of Washington and had healthcare coverage fromPremera during the time of the data breach alleged herein.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    11.    Plaintiff July Astengo is a resident and citizen of the State of Washington and had

2    healthcare coverage from Premera during the time of the data breach alleged herein.

3    12.    Defendant Premera is a corporation organized and existing under the laws of the

4    State of Washington with its principal place of business located at 7001 220th Street SW,

5    Building 1, Mountlake Terrace, Washington 98043.   Premera sells insurance policies and

6    conducts insurance business in the State of Washington and throughout the United States.

7    **JURISDICTION AND VENUE**

8    13.    This Court has jurisdiction over this action pursuant to the Class Action Fairness

9    Act, 28 U.S.C. §1332(d)(2).   The amount in controversy exceeds $5,000,000 exclusive of interest

10   and costs.   At least one member of the putative Class is a citizen of a state different from

11   Defendant's state of citizenship.   There are more than 100 putative class members.

12   14.    This Court has personal jurisdiction over Defendant because Premera is

13   incorporated under the laws of the State of Washington, maintains its principal place of business

14   in Washington, regularly conducts and transacts business in Washington, and has sufficient

15   minimum contacts with Washington.   Premera intentionally avails itself of the laws of the State

16   of Washington by marketing and selling insurance in Washington to millions of consumers

17   nationwide, including Washington citizens.

18   15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Premera's

19   principal place of business is in this District and a substantial part of the events, acts, and

20   omissions giving rise to Plaintiff's claims occurred in this District.

21   **CLASS ACTION ALLEGATIONS**

22   16.    Plaintiffs bring this class action pursuant to the Federal Rules of Civil Procedure

23   23(a) and (b)(3), on behalf of themselves and all others similarly situated, the Class consisting of

24   all persons in the United States, and the Sub-Class comprised of residents of the State of

25   Washington with respect to Counts VII, VIII and IX herein, who have had health insurance

26   coverage by Premera since 2002 and had their PII and private banking and healthcare

27   information improperly accessed between May 5, 2014 and January 29, 2015, due to Premera's

28
COMPLAINT
No. C15-654

- 4 -

IT security breach and were damaged thereby.  The Class and Sub-Class do not include the officers or directors of Premera.

17.     The Class consists of millions of Premera insureds and other affected consumers throughout the United States.  The Sub-Class consists of millions of Premera insureds who are residents and citizens of the State of Washington.  While the exact numbers of Class and Sub-Class Members and the identities of individual Class and Sub-Class Members are unknown at this time and can only be ascertained through appropriate discovery, based on the fact that millions of Premera insureds and other consumers have been affected, the Class and Sub-Class Members are so numerous that joinder of all members is impracticable.

18.     Premera's conduct affected all Class and Sub-Class Members in exactly the same way.  The Company's failure to properly safeguard its IT systems, even after being told of issues with its systems, is uniform among the Class and Sub-Class Members.

19.     Questions of law and fact common to all members of the Class and Sub-Class predominate over any questions affecting only individual members.  Such questions of law and fact common to the Class and Sub-Class include:

a.      whether Premera acted wrongfully by failing to properly safeguard its insureds' PII and private banking and healthcare information;

b.      whether Premera failed to give timely and adequate notice of the data breach;

c.      whether Premera's conduct violated the law;

d.      whether Plaintiffs and the other Class and Sub-Class Members have been damaged, and, if so, what is the appropriate relief; and,

e.      whether Premera breached express and implied contracts with Plaintiffs and Class and Sub-Class Members by failing to properly safeguard their PII and private banking and healthcare information.

20.     Plaintiffs' claims, as described herein, are typical of the claims of all other Class and Sub-Class Members, as the claims of Plaintiffs and all other Class and Sub-Class Members arise from the same set of facts regarding Premera's failure to protect Plaintiffs' and the other

COMPLAINT
No. C15-654

- 5 -

1   Class and Sub-Class Members' PII and private banking and healthcare information.  Plaintiffs

2   maintain no interests antagonistic to the interests of other Class and Sub-Class Members.

3        21.    Plaintiffs are committed to the vigorous prosecution of this action and have

4   retained competent counsel experienced in the prosecution of class actions of this type.

5   Accordingly, Plaintiffs are adequate representatives of the Class and Sub-Class and will fairly

6   and adequately protect the interests of the Class and Sub-Class Members.

7        22.    This class action is a fair and efficient method of adjudicating the claims of

8   Plaintiffs and the Class and Sub-Class Members for the following reasons:

9            a.    common questions of law and fact predominate over any

10       question affecting any individual Class and Sub-Class Members;

11           b.    the prosecution of separate actions by individual members of the

12       Class and Sub-Class would create a risk of inconsistent or varying adjudications

13       with respect to individual members of the Class and Sub-Class, thereby

14       establishing incompatible standards of conduct for Defendant or would allow

15       the claims of some members of the Class and Sub-Class to adversely affect

16       other Class and Sub-Class Members' ability to protect their interests, or

17       adjudications with respect to individual members of the Class and Sub-Class

18       which would as a practical matter be dispositive of the interests of the other

19       members not parties to the adjudications or substantially impair or impede their

20       ability to protect their interests;

21           c.    this forum is appropriate for litigation of this action since a

22       substantial portion of the transactions, acts, events, and omissions alleged herein

23       occurred in this District;

24           d.    Plaintiffs anticipate no difficulty in the management of this

25       litigation as a class action; and

26           e.    the Class and Sub-Class Members are readily definable, and

27       prosecution as a class action will eliminate the possibility of repetitious

28   COMPLAINT
     No. C15-654                                    - 6 -

litigation, while also providing redress for claims that may be too small to support the expense of individual, complex litigation.

23.     For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## SUBSTANTIVE ALLEGATIONS

**Premera's Policies on Protection of PII and Private Banking and Health Care Information**

24.     In its Notice of Privacy Practices (which all insureds received), Premera stated and represented that it would protect its insureds' PII and private banking and healthcare information and keep it confidential.  The Notice of Privacy Practices appearing on Premera's website states and represents in relevant part as follows:

**THE PRIVACY OF YOUR MEDICAL AND FINANCIAL INFORMATION IS VERY IMPORTANT TO US.**

At Premera Blue Cross, we are committed to maintaining the confidentiality of your medical and financial information, which we refer to as your "personal information," regardless of format: oral, written, or electronic.

\* \* \*

**OUR RESPONSIBILITIES TO PROTECT YOUR PERSONAL INFORMATION**

Under both the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the Gramm-Leach-Bliley Act, Premera Blue Cross must take measures to protect the privacy of your personal information. In addition, other state and federal privacy laws may provide additional privacy protection. Examples of your personal information include your name, Social Security number, address, telephone number, account number, employment, medical history, health records, claims information, etc.

We protect your personal information in a variety of ways.  For example, we authorize access to your personal information by our employees and business associates only to the extent necessary to conduct our business of serving you, such as paying your claims.  We take steps to secure our buildings and electronic systems from unauthorized access.  We train our

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

employees on our written confidentiality policy and procedures and employees are subject to discipline if they violate them.  Our privacy policy and practices apply equally to personal information about current and former members; we will protect the privacy of your information even if you no longer maintain coverage through us.

We are required by law to:

☐ protect the privacy of your personal information;
☐ provide this Notice explaining our duties and privacy practices regarding your personal information;
☐ notify you following a breach of your unsecured personal information; and
☐ abide by the terms of this Notice.

25.     In the Premera Blue Cross Code of Conduct 2014 published on Premera's primary website, the Company stated and represented in relevant part as follows:

We are committed to complying with federal and state privacy laws, including the HIPAA privacy regulations, that protect financial and health information of our customers.  We use the following privacy principles to guide our actions:

Customers - Customers should enjoy the full array of privacy protections afforded to them by law and routinely granted by their providers. This is a values-based approach whereby we are focused on two core values: Customer Care and Integrity.

* * *

We are committed to ensuring the security of our facilities and electronic systems to prevent unauthorized access to Premera's and our customers' personal protected information (PPI).

We are expected to be aware of and follow established corporate policies, processes and procedures that are designed to secure our buildings and electronic systems. We are all responsible for maintaining the security of our campuses and buildings.

COMPLAINT
No. C15-654

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

26.     Premera's statements and representations ensuring Premera customers and consumers of the soundness of its IT security, as stated and represented in Premera's published privacy policies and in the Company's other public representations, were intended by Premera to induce consumers to purchase health insurance from Premera and falsely inflated the price of Premera insurance, allowing Premera and/or its affiliates to charge higher premiums for insurance.  In purchasing Premera health insurance, Plaintiffs and the other Class and Sub-Class Members reasonably relied on, and were induced by, Premera's representations that it would take affirmative and commercially reasonable measures to protect their PII and private banking and healthcare information and actively prevent disclosure and unauthorized access.

**The Data Breach**

27.     On March 17, 2015, Premera publicly announced that on January 29, 2015, it had discovered that cyber attackers executed a sophisticated attack and gained unauthorized access to Premera's IT systems, that the initial attack occurred on May 5, 2014, and that the cyberattack exposed PII and private banking and healthcare information of 11 million Premera customers.

28.     According to Premera, its investigation has determined that the cyber attackers may have gained unauthorized access to applicants and members' information, including member name, date of birth, email address, address, telephone number, Social Security number, member identification numbers, bank account information and claims information, including clinical information.  The Company stated that the cyber attackers may have gained access to information dating as far back as 2002.

29.     The data breach affected Premera Blue Cross, Premera Blue Cross Blue Shield of Alaska, and Premera's affiliated companies, Vivacity and Connexion Insurance Solutions Inc. The data breach impacts millions of consumers in Washington, Oregon, Alaska, and Arizona. About six million people whose accounts were accessed are residents of Washington State, where Premera customers include employees of Amazon.com Inc., Microsoft Corp., and Starbucks Corp.  Premera announced that 250,000 customers of its LifeWise affiliate for Washington, Oregon and Arizona, and LifeWise Assurance were also affected.

COMPLAINT
No. C15-654

- 9 -

30.     The data breach also affected members of other Blue Cross Blue Shield plans who sought treatment in Washington or Alaska.   Individuals who do business with Premera and provided Premera with their email address, personal bank account number or social security number are also affected.

**Premera Ignored Warnings Leading Up To the Data Breach**

31.     As reported on March 19, 2015 in *The Seattle Times*, federal auditors had warned Premera that its IT security procedures were inadequate in April 2014, three weeks before hackers infiltrated Premera IT systems.   The audit was conducted by the U.S. Office of Personnel Management ("OPM").

32.     The federal auditors examined Premera's IT systems because Premera is one of the insurance carriers participating in the Federal Employees Health Benefits Program.   OPM auditors examined Premera's IT applications used to manage claims from federal workers, but also the Company's larger IT infrastructure.

33.     In one part of the IT audit, federal auditors conducted vulnerability scans and found Premera was not implementing critical patches and other software updates in a timely manner.   "Failure to promptly install important updates increases the risk that vulnerabilities will not be remediated and sensitive data could be breached," the auditors wrote.

34.     The OPM auditors also found that several Premera servers contained software applications so old that they were no longer supported by the vendors and had known security problems, that Premera servers contained "insecure configurations" that could grant hackers access to sensitive information, and that Premera needed better physical controls to prevent unauthorized access to its data center.

35.     The OPM auditors gave Premera ten recommendations to fix the identified IT problems, and noted that some of the vulnerabilities could be exploited by hackers and expose sensitive information.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

36.     Premera received the audit findings on April 18, 2014, according to federal records.  Premera did not respond to the OPM audit findings until June 30, 2014, and claimed that it had made some changes and planned to implement others before the end of 2014.

37.     Premera claimed to the federal auditors that it would start using procedures to properly update its software, but also claimed to the OPM audit team it believed it was in compliance in managing "critical security patches."  The federal auditors responded that their vulnerability scans indicated the Company was not in compliance with that specific aspect.

38.     In their final audit report released on November 28, 2014, the OPM auditors recommended that Premera fix continuing vulnerabilities in its IT systems that could be exploited by hackers and expose sensitive information.  The final audit report identified several IT system deficiencies that Premera had not remediated.  Premera indicated in response that it had not yet complied in making the recommended changes to its IT systems.

39.     In addition to failing timely to implement the recommendations from the federal auditors, on information and belief, the tens of millions of Premera records containing PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members were not encrypted.  Encryption is a process of encoding information such that only authorized parties can read it.  Properly encrypted records would have been useless to hackers.

**Premera's March 17, 2015 Letters Notifying Plaintiffs of the Data Breach**

40.     Sometime after March 17, 2015, Plaintiffs received letters from Premera dated March 17, 2015, notifying Plaintiffs that Premera "was the target of a sophisticated cyberattack" and that the attackers may have gained unauthorized access to Plaintiffs' and other Premera insureds' personal information, including "name, address, telephone number, date of birth, Social Security number, member identification number, email address," as well as "claims information, including clinical information."

41.     The March 17, 2015 notification letter states that Premera discovered the cyberattack on January 29, 2015, and that the initial cyberattack occurred on May 5, 2014, but provides no explanation why Premera delayed until March 17, 2015 in notifying Plaintiffs and

COMPLAINT
No. C15-654

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

other Premera insureds whose PII and private healthcare information may have been accessed by the attackers.

**Premera's Improper Delay in Notifying Affected Consumers of the Data Breach**

42.   Despite admittedly discovering the data breach on January 29, 2015, in its public statement on March 17, 2015, Premera announced that it was only beginning to mail letters that day to the approximately 11 million affected customers.

43.   Washington State Insurance Commissioner Mike Kreidler stated in a news release on March 17, 2015 that he is concerned about the six-week delay from when Premera learned of the attack to when it was announced.

44.   On information and belief, no law enforcement agency instructed Premera that notification to Plaintiffs and the other Class and Sub-Class Members would impede investigation.

45.   Premera not only unjustifiably, unreasonably and unlawfully delayed publicly disclosing the data breach, but also continued to accept premium payments from Plaintiffs and the other Class and Sub-Class Members and to generate and store their PII and private banking and healthcare information after Premera had actual knowledge of the cyberattack and ongoing data breach and knowledge that it could not adequately secure and protect Premera insureds' PII and private banking and healthcare information.

46.   Had Premera provided timely and accurate notice of the data breach, Plaintiffs and the other Class and Sub-Class Members would have been able to avoid and/or mitigate the damages and harm caused by the data breach.  Plaintiffs and the other Class and Sub-Class Members could have avoided providing further data to Premera, could have avoided use of Premera's services, and could have contacted their providers to retrieve or request denial of providing same to Premera, or otherwise could have tried to avoid or mitigate the harm caused by Premera's unreasonable, unjustifiable and unlawful delay in providing timely and accurate notice.

COMPLAINT
No. C15-654

- 12 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

**Harm to Plaintiff and Other Class and Sub-Class Members**

47.    This is the largest breach reported to date involving patient medical information, according to Dave Kennedy, an expert in healthcare security who is chief executive of TrustedSEC LLC.

48.    Health-care data can be more valuable to cybercriminals than financial data because it has a longer shelf life and criminals use it to create a variety of false claims and records, according to Paul Bantick, technology media and business-services underwriter at Beazley, a global crisis-management firm and cyber-breach insurer.  According to Bantick, data stolen from health insurers and hospitals typically fetch at least ten times more than credit-card numbers on the black market.

49.    According to    http://kaiserhealthnews.org/news/rise-of-indentity-theft/,    the definition of medical identity theft is the fraudulent acquisition of someone's personal information – name, Social Security number, health insurance number – for the purpose of illegally obtaining medical services or devices, insurance reimbursements or prescription drugs. Pam Dixon, the founder and executive director of World Privacy Forum is quoted as stating "Medical identity theft is a growing and dangerous crime that leaves its victims with little to no recourse for recovery," and "Victims often experience financial repercussions and worse yet, they frequently discover erroneous information has been added to their personal medical files due to the thief's activities."

50.    According to the U.S. Department of Justice, victims of identity theft have had, among other things, bank accounts wiped out, credit histories ruined, and jobs and valuable possessions taken away.  In some cases, they have even been arrested for crimes committed by others using their name.  The financial toll exacted by identity theft can be crippling, and the emotional trauma can be devastating.  A Federal Reserve Bank of Boston document states that identity thieves often use a stolen identity again and again and that it is very common for victims to learn that thieves have opened and accessed accounts spanning several years.

COMPLAINT
No. C15-654

- 13 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

51.     For the rest of their lives, Plaintiffs and the other Class and Sub-Class Members will be forced to spend additional hours maintaining heightened diligence of all of their bank and card accounts, medical policies, tax returns, etc., for fear of acts of identity theft against them and their families.

52.     The damages, ascertainable losses and injuries, including to their money or property, and their medical histories, which have been and will be suffered by Plaintiffs and the other Class and Sub-Class Members as a direct result of Premera's violations of law, negligence and breach of contract include, without limitation: (a) theft of their PII and private banking and healthcare information; (b) costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts; (c) loss of use of and access to their account funds and costs associated with the inability to obtain money from their accounts or being limited in the amount of money they are permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit including adverse effects on their credit scores and adverse credit notations; (d) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate and mitigate the actual and future consequences of the Premera data breach, including without limitation, finding fraudulent charges, cancelling and reissuing cards, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all issues resulting from the data breach for the rest of their lives; (e) the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII and private banking and healthcare information being placed in the hands of criminals and being misused via the sale of consumers' information on the internet black market; (f) damages to and diminution in value of their personal and financial information entrusted to Premera for the purpose of purchasing and maintaining health insurance from Premera and with the understanding that Premera would safeguard their PII and private banking and healthcare information against theft and not allow access and misuse of their data by others; (g) purchases of Premera insurance policies that Plaintiffs and the other Class and Sub-Class Members would

COMPLAINT
No. C15-654

- 14 -

Law Offices of
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

not have purchased had Premera disclosed that it lacked adequate systems and procedures to reasonably safeguard customers' PII and private banking and healthcare information and had Premera provided timely and accurate notice of the data breach; (h) premium overpayments made to Premera for insurance policies during the data breach in that a portion of the premiums for such policies paid by Plaintiffs and the other Class and Sub-Class Members was for the costs of Premera providing reasonable and adequate safeguards and security measures to protect customers' PII and private banking and healthcare information, which Premera failed to do and, as a result, Plaintiffs and the other Class and Sub-Class Members did not receive what they paid for and were overcharged by Premera; and (i) the continued risk to their PII and private banking and healthcare information, which remains in the possession of Premera and which is subject to further breaches so long as Premera fails to implement appropriate and adequate measures to protect PII and private banking and healthcare information in its possession.

## COUNT I

## NEGLIGENCE

53.    Plaintiffs incorporate and re-allege all allegations contained in the preceding paragraphs as if fully set forth herein.

54.    Premera owed a duty to Plaintiffs and the other Class and Sub-Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting their PII and private banking and healthcare information in its possession from being compromised, lost, stolen, accessed and misused by unauthorized persons.  This duty included, among other things, designing, maintaining, and testing Premera's computer network and IT systems to ensure that Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare information in Premera's possession were adequately secured and protected.

55.    Premera further owed a duty to Plaintiffs and the other Class and Sub-Class Members to implement processes in a timely manner that would detect a breach of its IT systems

COMPLAINT
No. C15-654

- 15 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

and to prevent mass exports of PII and private banking and healthcare information outside of the Premera IT systems.

56.     Premera owed a duty to Plaintiffs and the other Class and Sub-Class Members to provide security consistent with industry standards and requirements under the circumstances, to ensure that its computer systems and networks, and the personnel responsible for them, adequately protected the PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members.

57.     Premera owed a duty of care to Plaintiffs and the other Class and Sub-Class Members because they were foreseeable and probable victims of a data breach given Premera's outdated and inadequate IT systems and security practices.  Premera solicited, gathered, and stored this information for its own business purposes and in order to facilitate transactions with its insureds.

58.     Premera was in a special relationship of trust with Plaintiffs and the other Class and Sub-Class Members by reason of Premera being entrusted with their PII and private banking and healthcare information.  By reason of this special relationship, Premera had a duty of care to use reasonable means to keep the PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members private and secure.  Premera unlawfully breached this duty.

59.     In the absence of negligence, Premera would have known that a breach of its IT systems would cause damages to Plaintiffs and the other Class and Sub-Class Members and that Premera had a duty to adequately protect such PII and private banking and healthcare information.

60.     Plaintiffs and the other Class and Sub-Class Members entrusted Premera with their PII and private banking and healthcare information, based on their understanding that Premera would safeguard their PII and private banking and healthcare information, and that Premera was in a position to protect against the harm caused to Plaintiffs and the other Class and Sub-Class Members as a result of a data breach.

COMPLAINT
No. C15-654

- 16 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

61.     Premera's own conduct created a foreseeable risk of harm to Plaintiffs and the other Class and Sub-Class Members.  Premera's reckless and negligent conduct included, but was not limited to, its failure to take the steps and opportunities to prevent and stop the data breach and to secure its IT systems as set forth herein.

62.     Premera breached the duties it owed to Plaintiffs and the other Class and Sub-Class Members by failing to exercise reasonable care and implement adequate IT security systems, protocols and practices sufficient to protect the PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members.

63.     Premera breached the duties it owed to Plaintiffs and the other Class and Sub-Class Members by failing to properly implement IT systems or security practices that could have prevented the loss of the data at issue.

64.     Premera breached the duties it owed to Plaintiffs and the other Class and Sub-Class Members by failing to properly maintain their PII and private banking and healthcare information in Premera's possession which has been accessed by hackers.  In the absence of negligence, Premera should have known that Plaintiffs and the other Class and Sub-Class Members were foreseeable victims of a data breach of Premera's IT systems because of applicable laws and statutes that require Premera to reasonably safeguard sensitive PII and private banking and healthcare information and because of the results of the federal audit performed on Premera's IT systems.  By its reckless and negligent acts and omissions described herein, Premera unlawfully breached this duty.

65.     Plaintiffs and the other Class and Sub-Class Members were and will be damaged by Premera's breach of this duty.

66.     The PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members have been compromised by the breach of Premera's inadequate IT security included, without limitation, information that was being improperly stored and inadequately safeguarded by Premera.  The breach of security was a direct and proximate result of Premera's failure to use reasonable care to implement and maintain appropriate IT security

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

procedures reasonably designed to protect the PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members.   This breach of security and unauthorized access to the private, nonpublic PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members were reasonably foreseeable, particularly in light of the previous warnings from federal auditors that Premera's IT systems were outdated, not secure, and contained security vulnerabilities targeted by hackers of PII maintained on the databases of health care companies.

67.    Premera's failure to maintain the privacy of Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare information has directly and proximately caused them immediately impending harm and burden.   Plaintiffs and the other Class and Sub-Class Members are now forced to be on constant heightened lookout for signs of identity theft and will need to undertake numerous ongoing expenses and preventive (or remedial) measures because their PII and private banking and healthcare information are no longer private.   Premera knew or should have known that the IT systems on which it stored the PII and private banking and healthcare information of millions of its customers had vulnerabilities and was at risk of breach by hackers.   Premera was negligent in continuing such data processing in light of those vulnerabilities and the sensitivity of the data.

68.    As a direct and proximate result of Premera's negligence, Plaintiffs and the other Class and Sub-Class Members have suffered and will suffer certainly impending damages including but not limited to, loss of control of their PII and private banking and healthcare information, the burden and cost of heightened monitoring for signs for identity theft and medical insurance fraud, for undertaking actions such as credit card freezes and alerts to prevent identity theft, and remediating acts and damages caused by identity theft, and other economic damages.

69.    Premera's offer of two years of free credit-monitoring and identity-theft-protection services to those affected by the breach does not mitigate the harm.   Such protection has not been proved foolproof.   It does not protect against health care fraud committed by

COMPLAINT
No. C15-654

- 18 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813  •  Fax: 425.732.3752

1    criminals using an individual's private healthcare information.  Moreover, the risk of identity

2    theft and medical insurance fraud using the PII and private banking and healthcare information

3    that the hackers accessed will continue to exist for the rest of the affected individuals' lives.

## COUNT II

## BREACH OF CONTRACT

6    70.    Plaintiffs incorporate and re-allege all allegations contained in the preceding

7    paragraphs as if fully set forth herein.

8    71.    The insurance policies Plaintiffs and the other Class and Sub-Class Members

9    purchased from Premera constitute contracts between Plaintiffs and the other Class Members and

10   Premera.

11   72.    In addition to providing health insurance coverage, a material part of the Premera

12   insurance policy contracts was Premera's promise to protect Plaintiffs' and the other Class and

13   Sub-Class Members' PII and private banking and healthcare information.

14   73.    In Premera's insurance policy contracts and its published privacy notices,

15   Premera expressly promised Plaintiffs and the other Class and Sub-Class Members that Premera

16   only discloses PII and private banking and healthcare information when required to do so by

17   federal or state law or with their consent.  Premera further promised that it would protect

18   Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare

19   information.

20   74.    Premera promised to comply with all HIPAA standards and to ensure that

21   Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare

22   information was protected.  Premera further promised to provide notice to Plaintiffs and the other

23   Class and Sub-Class Members in describing Premera's legal duties and privacy practices with

24   respect to their PII and private banking and healthcare information.

25   75.    The insurance policy contracts required Premera to safeguard Plaintiffs' and the

26   other Class and Sub-Class Members' PII and private banking and healthcare information to

27   prevent its disclosure and/or unauthorized access.

28   COMPLAINT
     No. C15-654

- 19 -

76.     Plaintiffs and the other Class and Sub-Class Members fully performed their obligations under the Premera insurance policy contracts.

77.     Premera did not adequately safeguard Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare information.  Premera did not honor its promise to comply with HIPAA's guidelines or industry standards when it stored its members' PII and private banking and healthcare information, even after an audit revealed vulnerabilities.

78.     Premera's failure to honor its IT system security and data protection promises resulted in Plaintiffs and the other Class and Sub-Class Members receiving services of less value than they paid for in that they received health care insurance coverage without adequate IT system security and data protection practices, and thus Plaintiffs and the other Class and Sub-Class Members did not receive the benefit of their bargain and have been damaged.

79.     Premera's failure to honor its contractual promises and obligations to Plaintiffs and the other Class and Sub-Class Members constitutes a breach of contract.

80.     As a result of Premera's breach of contract, Plaintiffs and the other Class and Sub-Class Members suffered damages amounting to the difference between the price they paid for Premera's insurance policy contracts as promised by Premera and the actual diminished value of Premera's insurance policy contracts, and consequential damages.

## COUNT III

## BREACH OF IMPLIED CONTRACT

81.     Plaintiffs incorporate and re-allege all allegations contained in the preceding paragraphs as if fully set forth herein.

82.     By providing their PII and private banking and healthcare information to Premera to purchase and maintain medical insurance policies and to arrange for payment and/or reimbursement for medical care under Premera insurance policies, Plaintiffs and the other Class and Sub-Class Members entered into implied contracts with Premera pursuant to which Premera agreed to safeguard and protect such information from unauthorized access and theft.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

83.     Plaintiffs and the other Class and Sub-Class Members fully performed their obligations under the implied contracts with Premera.

84.     Premera breached the implied contracts it made with Plaintiffs and the other Class and Sub-Class Members by failing to safeguard and protect the PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members, and by allowing unauthorized access to Premera's IT systems.

85.     The damages to Plaintiffs and the other Class and Sub-Class Members as described herein were the direct and proximate result of the Premera's breaches of these implied contracts.

### COUNT IV

### UNJUST ENRICHMENT

86.     Plaintiffs incorporate and re-allege all allegations contained in the preceding paragraphs, except ¶¶ 70-85, as if fully set forth herein.

87.     Plaintiffs and the other Class and Sub-Class Members conferred a monetary benefit upon Premera in the form of premiums paid for the purchase of medical insurance policies from Premera during the period of the data breach.

88.     Premera has knowledge of the benefits conferred directly upon it by Plaintiffs and the other Class Members.

89.     The monies paid for the purchase of insurance policies by Plaintiffs and the other Class and Sub-Class Members during the period of the data breach were supposed to be used by Premera, in part, to pay administrative and other costs of providing reasonable data security and protection to Plaintiffs and the other Class and Sub-Class Members.

90.     Premera failed to provide reasonable security, safeguards and protection to the PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members and, as a result, Plaintiffs and the other Class and Sub-Class Members overpaid Premera for insurance purchased during the period of the data breach.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

91.     Under principles of equity and good conscience, Premera should not be permitted to retain the amounts paid for insurance service belonging to Plaintiffs and the other Class and Sub-Class Members because Premera failed to provide adequate safeguards and security measures to protect Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare information that they paid for but did not receive.

92.     As a result of Premera's conduct as set forth in this Complaint, Plaintiffs and the other Class and Sub-Class Members suffered and will suffer damages and losses as stated above, including monies paid for Premera insurance policies that Plaintiffs and the other Class and Sub-Class Members would not have purchased had Premera disclosed the material fact that it lacked adequate measures to safeguard PII and private banking and healthcare information, including the difference between the price paid for Premera policies as promised and the actual diminished value of services received.

93.     Plaintiffs and the other Class and Sub-Class Members have conferred directly upon Premera an economic benefit in the nature of monies received and profits resulting from premiums paid and unlawful overcharges to the economic detriment of Plaintiffs and the other Class and Sub-Class Members.

94.     The economic benefit, including premiums paid and the overcharges and profits derived by Premera and paid by Plaintiffs and the other Class and Sub-Class Members, is a direct and proximate result of Premera's unlawful practices as set forth in this Complaint.

95.     The financial benefits derived by Premera rightfully belong to Plaintiffs and the other Class and Sub-Class Members.

96.     It would be inequitable under established unjust enrichment principles for Premera to be permitted to retain any of the financial benefits, premiums, profits and overcharges derived from Premera's unlawful conduct as set forth in this Complaint.

97.     Premera should be compelled to disgorge into a common fund for the benefit of Plaintiffs and the other Class and Sub-Class Members all unlawful or inequitable premiums thus received by Premera.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

98.     A constructive trust should be imposed upon all unlawful or inequitable sums received by Premera traceable to Plaintiffs and the other Class and Sub-Class Members.

### COUNT V

### BAILMENT

99.     Plaintiffs incorporate and re-allege all allegations contained in the preceding paragraphs as if fully set forth herein.

100.    Plaintiffs and the other Class and Sub-Class Members delivered their PII and private banking and healthcare information to Premera for the exclusive purpose of purchasing and utilizing insurance policies from Premera.

101.    In delivering their PII and private banking and healthcare information to Premera, Plaintiffs and the other Class and Sub-Class Members intended and understood that Premera would adequately safeguard their PII and private banking and healthcare information.

102.    Premera accepted possession of Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare information acting as an insurer of the Plaintiffs and the other Class and Sub-Class Members.

103.    In accepting possession of Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare information, Premera understood that Plaintiffs and the other Class and Sub-Class Members expected Premera to adequately safeguard their PII and private banking and healthcare information.  Accordingly a bailment (or deposit) was established for the mutual benefit of the parties.

104.    During the bailment (or deposit), Premera owed a duty to Plaintiffs and the other Class and Sub-Class Members to exercise reasonable care, diligence and prudence in protecting their PII and private banking and healthcare information.

105.    Premera breached its duty of care by failing to take appropriate measures to safeguard Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare information, resulting in the unlawful and unauthorized access of that information from Premera's IT systems by unauthorized recipients.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

106.    As a direct and proximate result of Premera's breach of its duty, Plaintiffs and the other Class and Sub-Class Members suffered and will suffer consequential damages that were reasonably foreseeable to Premera, including but not limited to the damages sought herein.

107.    As a direct and proximate result of Premera's breach of its duty, the PII and private banking and healthcare information of Plaintiffs and the other Class and Sub-Class Members entrusted to Premera during the bailment (or deposit) was forever damaged and its value diminished.

108.    Plaintiffs and the other Class and Sub-Class Members have no adequate remedy at law.

**COUNT VI**

**VIOLATION OF WASHINGTON DATA BREACH STATUTE**

109.    Plaintiffs incorporate and re-allege all allegations contained in the preceding paragraphs as if fully set forth herein.

110.    The Premera data breach constitutes a "breach of the security of the system" under RCW § 19.255.010(1) and (4).

111.    The data breach occurred on May 5, 2014.  Premera claims it discovered the breach on January 29, 2015.  Premera first began mailing notice of the data breach to affected Premera customers, vendors and consumers on March 17, 2015, more than six weeks after Premera discovered the breach.

112.    Premera negligently and recklessly failed to provide reasonable and adequate security measures to protect Plaintiffs and the other Class and Sub-Class Members' PII and private banking and healthcare information.

113.    Premera unreasonably delayed in notifying Plaintiffs and the other Class and Sub-Class Members of the security breach of Plaintiffs' and the other Class and Sub-Class Members' PII and private banking and healthcare information after Premera knew the data breach had occurred.  Premera failed to disclose immediately the data breach to affected customers and consumers as required by RCW § 19.255.010(1).

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

114.    On information and belief, no law enforcement agency instructed Premera that notification to Plaintiffs and the other Class and Sub-Class Members would impede investigation.

115.    Plaintiffs and the other Class and Sub-Class Members have been damaged in the interval between the data breach, which occurred on May 5, 2014, Premera's discovery of the breach on January 29, 2015, and Premera's transmission of notice thereof, which began on March 17, 2015.

116.    As a result of Premera's violations, Plaintiffs and the other Class and Sub-Class Members will incur economic damages related to the expenses for the losses associated with paying for health services they believed were purchased through secure transactions. Plaintiffs and the other Class and Sub-Class Members would not have purchased the health services had they known that their PII and private banking and healthcare information would be compromised and accessed by hackers.

117.    As a direct and proximate result of Premera's violation of RCW § 19.255.010(1), Plaintiffs and the other Class and Sub-Class Members have suffered and will suffer certainly impending consequential damages reasonably foreseeable to Premera, which they are entitled to recover.

**COUNT VII**

**VIOLATION OF WASHINGTON UNIFORM HEALTH CARE INFORMATION ACT**

**(On Behalf Of Plaintiffs and the Sub-Class)**

118.    Plaintiffs incorporate and re-allege all allegations contained in the preceding paragraphs as if fully set forth herein.

119.    The Washington Uniform Health Care Information Act ("UHCIA"), RCW § 70.02.020, prohibits disclosure of health care information to any other person without the patient's written authorization.

120.    Under the UHCIA, "health care information" is defined as, "any information . . . that . . . directly relates to the patient's health care."  RCW § 70.02.010(6).

COMPLAINT
No. C15-654

- 25 -

121.    The UHCIA has been held to apply to health insurers.

122.    The UHCIA permits a private right of action for damages, which shall include reasonable attorneys' fees and all other expenses reasonably incurred to the prevailing party. RCW § 70.02.170(2).

123.    By failing to protect Plaintiffs' and the other Sub-Class Members' health care information which was accessed by unauthorized persons in the data breach, Premera disclosed Plaintiffs' and the other Sub-Class Members' health care information in violation of the UHCIA.

124.    Consequently, Premera is liable to Plaintiffs and the other Sub-Class Members for their damages, attorneys' fees and all other expenses.

**COUNT VIII**

**VIOLATION OF WASHINGTON INSURANCE FAIR CONDUCT ACT**

**(On Behalf Of Plaintiffs and the Washington Sub-Class)**

125.    Plaintiffs incorporate and re-allege all allegations contained in the preceding paragraphs as if fully set forth herein.

126.    This claim is brought pursuant to the Washington Insurance Fair Conduct Act ("IFCA").

127.    The IFCA prohibits any person in the business of insurance to engage in unfair or deceptive acts or practices in the conduct of such business (RCW § 48.30.010(1)), as such acts or practices are defined pursuant to RCW § 48.30.010(2).

128.    RCW § 48.30.010(2) authorizes the insurance commissioner to promulgate regulations defining unfair or deceptive acts or practices. Pursuant to RCW § 48.30.010(2), the Insurance Commissioner promulgated Washington Administrative Code regulations defining unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.

129.    Pursuant to WAC § 284-04-300, a licensed insurer shall not, directly or through any affiliate, disclose any nonpublic personal financial information about a consumer to a

COMPLAINT
No. C15-654

- 26 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

nonaffiliated third party without advance notice to the consumer providing the consumer with an opportunity to opt out.

130.    Pursuant to WAC § 284-04-505, a licensed insurer shall not disclose nonpublic personal health information about a consumer or customer unless an authorization is obtained from the consumer or customer whose nonpublic personal health information is sought to be disclosed.

131.    Pursuant to WAC § 284-04-625, the Insurance Commissioner "defines failure to provide notice of security breaches in compliance with this section as an unfair practice," and requires "[n]otifying affected entities without unreasonable delay."

132.    WAC § 284-04-610 provides that "[a] violation of this chapter [Chapter 4 Wash. Admin. Code] shall be deemed to be an unfair method of competition or an unfair or deceptive act and practice in this state."

133.    Premera's violations of the IFCA have caused Plaintiffs and the other Sub-Class Members to face substantial expense to protect themselves from the misuse of their private healthcare information and have placed Plaintiffs and the other Sub-Class Members at serious risk of incurring monetary damages.

134.    In addition to or in lieu of actual damages, because of the injury, Plaintiffs and the other Sub-Class Members seek damages, equitable relief, attorneys' fees and costs for each injury and violation which has occurred.

## COUNT IX

### VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

#### (On Behalf Of Plaintiffs and the Sub-Class)

135.    Plaintiffs incorporate and re-allege all allegations contained in the preceding paragraphs as if fully set forth herein.

136.    This claim is brought pursuant to the Washington Consumer Protection Act, RCW ch. 19.86 (the "CPA").

COMPLAINT
No. C15-654

- 27 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

137.    The CPA prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. RCW § 19.86.020.

138.    Premera engaged in the conduct alleged in this Complaint in transactions intended to result, and which did result, in the sale of healthcare policies to consumers, including Plaintiffs and the other Sub-Class Members.

139.    Premera is engaged in, and its acts and omissions affect, trade and commerce.

140.    Premera's acts, practices and omissions complained of herein were done in the course of Premera's business throughout the United States, including in Washington State.

141.    Premera's conduct as alleged in this Complaint, including without limitation, Premera's failure to maintain adequate IT systems and data security practices to safeguard customers' PII and private banking and healthcare information, Premera's failure to disclose the material fact that its IT systems and data security practices were inadequate to safeguard customers' PII and private banking and healthcare information from unauthorized access and/or theft, and Premera's failure to disclose in a timely and accurate manner the material fact of the data security breach, constitute unfair methods of competition and unfair and/or deceptive acts or practices within the meaning of the CPA.

142.    The CPA prohibition applies to persons engaged in the business of insurance, pursuant to RCW § 48.30.010(1), which prohibits any person in the business of insurance to engage in unfair or deceptive acts or practices in the conduct of such business, as such acts or practices are defined pursuant to RCW 48.30.010(2).  Moreover, the Washington Legislature has declared a public interest in the insurance business.  Consequently, Premera's violations of the IFCA, as alleged in Count VIII above, constitute deceptive acts or practices for purposes of the CPA.

143.    Premera's unfair and/or deceptive acts or practices, as alleged, affect the public interest because, among other things, the acts or practices affect millions of members of the public.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

144.    The damages, ascertainable losses and injuries, including to their money or property, which have been suffered by Plaintiffs and the other Sub-Class Members as a direct result of Premera's unfair methods of competition and unfair or deceptive acts or practices as set forth in this Complaint include, without limitation: (a) theft of their PII and private banking and healthcare information; (b) costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts; (c) loss of use of and access to their account funds and costs associated with the inability to obtain money from their accounts or being limited in the amount of money they are permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit including adverse effects on their credit scores and adverse credit notations; (d) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate and mitigate the actual and future consequences of the Premera data breach, including without limitation, finding fraudulent charges, cancelling and reissuing cards, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all issues resulting from the data breach for the rest of their lives; (e) the imminent and certainly impending injury flowing from potential fraud, identity and medical theft posed by their PII and private banking and healthcare information being placed in the hands of criminals and being misused via the sale of consumers' financial and health information on the Internet black market; (f) damages to and diminution in value of their personal and financial information entrusted to Premera for the purpose of purchasing and maintaining health insurance from Premera and with the understanding that Premera would safeguard their PII and private banking and healthcare information against theft and not allow access and misuse of their data by others; (g) purchases of Premera insurance policies that Plaintiffs and the other Sub-Class Members would not have purchased had Premera disclosed that it lacked adequate systems and procedures to reasonably safeguard customers' PII and private banking and healthcare information and had Premera provided timely and accurate notice of the data breach; (h) premium overpayments made to Premera for insurance policies during the data breach in that a

COMPLAINT
No. C15-654

- 29 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

portion of the premiums for such policies paid by Plaintiffs and the other Sub-Class Members was for the costs of Premera providing reasonable and adequate safeguards and security measures to protect their PII and private banking and healthcare information, which Premera failed to do and, as a result, Plaintiffs and the other Sub-Class Members did not receive what they paid for and were overcharged by Premera; and (i) the continued risk to their PII and private banking and healthcare information, which remains in the possession of Premera and which is subject to further breaches so long as Premera fails to implement appropriate and adequate measures to protect PII and private banking and healthcare information in its possession.

145.    Because Premera violated the CPA, Plaintiffs and the other Sub-Class Members are entitled to damages pursuant to RCW § 19.86.090, up to three times the value of the actual damages sustained, and attorneys' fees and costs.

146.    Plaintiffs have provided notice of this action and a copy of this Complaint to the Washington State Attorney General pursuant to RCW § 19.86.095.

## COUNT X

## INVASION OF PRIVACY

147.    Plaintiffs incorporate by reference and reallege all allegations set forth above, except ¶¶ 135-146, as if fully set forth herein.

148.    One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person and (b) is not of legitimate concern to the public.

149.    That health care information is considered personal, private and sensitive has been clearly expressed by the Washington State Legislature in the "Findings" section of the Uniform Health Care Information Act, RCW § 70.02.005:  "The legislature finds that:  (1) Health care information is personal and sensitive information that if improperly used or released may do significant harm to a patient's interests in privacy, health care, or other interests."

COMPLAINT
No. C15-654

- 30 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    150.    By improperly permitting disclosure of Plaintiffs' and the other Class and Sub-

2    Class Members' PII and private banking and health care information to unauthorized third

3    persons, Premera is liable to Plaintiffs and the other Class and Sub-Class Members for invasion

4    of their privacy.

5    151.    Plaintiffs and the other Class and Sub-Class Members are entitled to recover

6    damages for (a) the harm to their interests in privacy resulting from the invasion, (b) their mental

7    distress resulting from the invasion, and (c) special damage of which the invasion is a legal

8    cause.

9                                **PRAYER FOR RELIEF**

10    Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request

11    that the Court provide the following relief:

12    a.    certify this action as a Class action pursuant to Federal Rules of Civil Procedure

13    23(a) and (b)(3) and appoint Plaintiffs as Class and Sub-Class representatives and Plaintiffs'

14    counsel as Class and Sub-Class counsel;

15    b.    enter judgment in favor of Plaintiffs and the other Class and Sub-Class Members

16    and against Premera for all the claims and under all the legal theories alleged herein;

17    c.    award Plaintiffs and the other Class and Sub-Class Members appropriate relief,

18    including actual and statutory damages, treble damages, restitution, and disgorgement;

19    d.    award attorneys' fees, expenses, and costs of this suit;

20    e.    award Plaintiffs and the other Class and Sub-Class Members pre-judgment and

21    post-judgment interest at the maximum rate allowable by law;

22    f.    award Plaintiffs and the other Class and Sub-Class Members equitable, injunctive

23    and declaratory relief as may be appropriate under applicable laws.  Plaintiffs, on behalf of the

24    other Class and Sub-Class Members, seek appropriate injunctive relief designed to ensure against

25    the recurrence of a data breach by adopting and implementing reasonable data security practices

26    to safeguard customers' financial and personal information, by an Order requiring Premera to

27    implement reasonable data security enhancements as they become available, including data

28

Law Offices of
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    encryption, segregation of sensitive data, more robust passwords, authentication of users,

2    increased control of access to sensitive information on the network, prohibitions of mass exports

3    of sensitive data;

4           g.      enter such additional orders or judgment as may be necessary to prevent the data

5    breach from recurring and to restore any interest or any money or property which may have been

6    acquired by means of violations set forth in this Complaint;

7           h.      award such other and further relief as it may deem just and appropriate.

8                                        **JURY DEMAND**

9           Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury

10   on all issues so triable.

11   Dated: April 27, 2015

12
                                        s/    *Cliff Cantor*
13                                      Cliff Cantor, WSBA # 17893
                                        **Law Offices of Clifford A. Cantor, P.C.**
14                                      627 208th Ave. SE
                                        Sammamish, WA 98074
15                                      Tel:    (425) 868-7813
                                        Fax:    (425) 732-3752
16                                      Email: cliff.cantor@outlook.com

17
                                        **TheGrantLawFirm, PLLC**
18                                      Lynda J. Grant (*pro hac vice application to be filed*)
                                        521 Fifth Ave., 17th Fl.
19                                      New York, NY 10175
                                        Tel:    (212) 292-4441
20                                      Fax:    (212) 292-4442
                                        Email: lgrant@grantfirm.com
21

22                                      Attorneys for Plaintiffs

23

24

25

26

27

28   COMPLAINT                                    - 32 -              **LAW OFFICES OF**
     No. C15-654                                                     **CLIFFORD A. CANTOR, P.C.**
                                                                     627 208th Avenue SE
                                                                     Sammamish, Washington 98074
                                                                     Tel: 425.868.7813 • Fax: 425.732.3752